**Seth E. BLACKWELL, Sr., Appellee and Cross-Appellant,**

v.

**Robert F. PARRATT, Warden, Appellant and Cross-Appellee.**

**Nos. 75–1502 and 75–1514.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1975.

Decided Nov. 25, 1975.

Charles E. Wright, Lincoln, Neb., made argument for Seth E. Blackwell, Sr.

Counsel for Parratt submitted on briefs without oral argument. C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., made appearance for Parratt in this Court. Paul L. Douglas, Atty. Gen., and C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., filed briefs for Parratt.

Before MATTHES, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Seth E. Blackwell, Sr. is a prisoner in the Nebraska Penal Complex serving a term of life imprisonment imposed on January 6, 1968 by the District Court of Lancaster County, Nebraska.

After protracted litigation, the history of which is fully reviewed in the opinion of the United States District Court for the District of Nebraska (Judge Urbom), 403 F.Supp. 759 (D.Neb.1975), Blackwell's petition for writ of habeas corpus was granted on the ground that he was not competent to stand trial on the murder charge which was the basis of his conviction. The warden of the Nebraska Penal Complex has appealed from that judgment (Appeal No. 75–1502).[1] Blackwell sought habeas corpus relief on three other grounds, and has cross-appealed from the district court's denial of relief on those grounds (Appeal No. 75–1514).

During the course of the litigation a voluminous record was compiled in the state and federal courts. The record was thoroughly examined by Judge Urbom, who also held an independent evidentiary hearing on the competency issue. From the testimony of the medical experts in the state courts and the medical evidence adduced before Judge Urbom, it is clear that under the standard enunciated in *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), Blackwell was not competent to stand trial. The district court held:

> Based upon all the evidence before me, I conclude that the hearing or hearings given by the state court were not full, fair or adequate on the subject of Blackwell's competency to stand trial in 1967, that the material facts on that subject were not adequately developed by the state court, and that convincing evidence shows that Blackwell was not competent in October and November of 1967 to stand trial. He did not have sufficient ability to consult with his attorney with a reasonable degree of rational understanding and did not have sufficient rational as well as factual understanding of the proceedings against him to meet the requisites of due process of law. The writ of habeas corpus will therefore be granted on this ground.

403 F.Supp. at 765.

From our examination of the relevant parts of the record, we conclude that the district court's conclusion and judgment are correct. Accordingly, we affirm on the basis of the district court's opinion. Our affirmance makes it unnecessary to consider Blackwell's cross-appeal.

Unless the State of Nebraska retries Blackwell within a reasonable period of time, to be fixed by the district court after the filing of our mandate in that court, the writ shall issue.

Our mandate shall issue forthwith.

1. When these appeals were docketed Charles L. Wolff, Jr. was the Warden of the Nebraska Penal Complex. Robert F. Parratt has succeeded Wolff as Warden, and Parratt as Warden has been substituted for Wolff in the caption.